NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LAURETTA WILLIAMS,

                Plaintiff,

    v.                                    Civil Action No. 11-0983 (DMC)

CAPITAL ONE BANK,

                Defendant.           REPORT AND RECOMMENDATION

FALK, U.S.M.J.

This matter comes before the Court upon the motion of Defendant Capital One Bank ("Defendant") seeking to dismiss Plaintiff's Complaint for failure to prosecute the case. The motion is unopposed. No oral argument was heard. See Fed. R. Civ. P. 78(b). For the reasons that follow, it is respectfully recommended that Defendant's motion be **granted**.

BACKGROUND

*Pro se* Plaintiff Lauretta Williams ("Plaintiff"), commenced this employment discrimination action on June 21, 2010 against Defendant Capital One Bank. After pending before the Court for nearly one year, Plaintiff has failed to enter an appearance in this action or participate in advancing her case. Both the Court and Defendant have made numerous attempts to contact Plaintiff, but she has not responded in any way. Thus, adjudication of the matter has become impossible. In light of these developments, Defendant filed a motion to dismiss Plaintiff's Complaint. See CM/ECF No. 15.

On February 22, 2011, Defendant removed this matter to this Court from the Superior Court, Passaic County on the basis of diversity jurisdiction. See CM/ECF No. 1. Plaintiff was served with a copy of removal papers via regular and certified mail, however, the certified letter was returned as unclaimed. See CM/ECF No. 15-2 at ¶ 4. Defendant filed its answer on March 14, 2011, and Plaintiff was sent a copy of same via regular and certified mail. Id. at ¶ 5. Again, the certified letter was returned as unclaimed.

On March 16, 2011, the Court entered an order scheduling an initial conference in this matter for May 12, 2011. See CM/ECF No. 6. Despite this order, Plaintiff failed to appear. See CM/ECF No. 15-2 at ¶ 8. On May 12, 2011, the Court sent a letter to Plaintiff advising her that as a result of her failure to appear, the initial scheduling conference would be rescheduled to May 26, 2011. See CM/ECF No. 7. The Court further advised Plaintiff that should she fail to appear at the rescheduled conference, her complaint would be dismissed. Id. Less than one week later, the Court notified Defendant that the letter sent to Plaintiff was returned as undeliverable.

By letter dated August 25, 2011, the Court ordered the parties to provide estimates of the time needed to complete discovery no later than September 26, 2011. See CM/ECF No. 9. Plaintiff failed to respond to the Court's directives. On September 29, 2011, the Court entered a scheduling order in this matter setting January 1, 2012 as the discovery end date. See CM/ECF No. 11 at ¶ 1. To date, Plaintiff has not entered an appearance, provided a change of address, or made an attempt to advance the interests of her case.

**ANALYSIS**

The Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to respond to court orders and for failure to prosecute a case. See Fed. R. Civ. P. 37(b)(2), 41(b). In

both instances, dismissal may be an appropriate penalty. Id. The Court uses its sound discretion in

deciding what sanctions to impose. See Bowers v. Nat'l Coll. Athletic Assoc., 475 F.3d 524, 538 (3d

Cir. 2007) (citing Nat'l Hockey League v. Metro. Hockey Club, 427 U.S. 639 (1976) (per curiam)).

In Poulis v. State Farm & Casualty Co., the Third Circuit identified six factors for courts to

balance when deciding whether to impose an order of dismissal. Although the Court is generally

required to consider the Poulis factors, in cases where a party willfully abandons his case, or makes

adjudication of a matter impossible, Poulis balancing is unnecessary. See, e.g., Spain v. Gallegos,

26 F.3d 439, 454-55 (3d Cir. 1994) (party abandons her case); Seberell ex rel. Seberell v.

Philadelphia Police Dept., 159 Fed. Appx. 371, 373-74 (3d  Cir. 2005) (party's conduct makes

adjudication impossible). Such is the case here. Nevertheless, in an abundance of caution, this Court

will briefly address the Poulis test.

The Poulis factors are:

(1) The extent of the party's personal responsibility; (2) the prejudice to the adversary
caused by the party's conduct; (3) the history of dilatoriness; (4) whether the conduct
of the party or the attorney was willful or in bad faith; (5) the effectiveness of
sanctions other than dismissal, which entails an analysis of alternative sanctions; and
(6) the meritoriousness of the claim.

Poulis v. State Farm & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984).  No single Poulis factor is

determinative and dismissal may be appropriate even if some of the factors are not met. See Mindek

v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992); Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

**1. Plaintiff's Personal Responsibility**. In this case, Plaintiff is personally responsible for

her failure to comply with court orders and to participate in the case. Plaintiff assumed responsibility

for the case when she chose to proceed *pro se*. By failing to comply with this Court's orders, or

remain in contact with the Court, she is personally responsible.

**2. Prejudice to Defendant**. Plaintiff's conduct has prejudiced Defendant. Plaintiff failed to enter an appearance in the case, nor has she participated in the case in any way, suggesting she has abandoned the matter altogether. In doing so, Plaintiff's conduct has thwarted any opportunity for Defendant to obtain discovery or defend itself. Permitting the case to continue would be unfair and prejudicial.

**3. History of Dilatoriness**. As already discussed, Plaintiff has been repeatedly noncompliant. Plaintiff failed to appear for in-person conferences on multiple occasions and has failed to remain in contact with the Court. Almost a year has passed since initially filing her complaint, and Plaintiff still has not made an appearance in the case. Plaintiff was repeatedly notified in writing that her failure to appear at the initial conference would result in dismissal of her complaint. The warnings were ignored.

**4. Willfulness or Bad Faith**. The Court cannot conclude that Plaintiff has proceeded in bad faith. However, Plaintiff's conduct has been willful. Plaintiff's failure to appear in multiple instances, particularly in light of looming sanctions, must be construed as willful. Plaintiff has had ample time to advance the interests of her case yet she has apparently chosen not to do so. These circumstances suggest that Plaintiff has little interest in prosecuting the case and further support the dismissal of her complaint as the appropriate remedy.

**5. Effectiveness of Alternative Sanctions**. The record of unresponsiveness suggests that alternative sanctions would be futile. Despite numerous chances, Plaintiff has failed to appear or participate in the case. Under these circumstances, no lesser sanction would be effective.

**6. Meritoriousness of the Claim.** The Court is unable to determine the meritoriousness of the claim, if any.

In sum, Plaintiff's failure to enter an appearance in the case or do anything else suggests that she has abandoned the matter altogether. Plaintiff's conduct has made adjudication of this case impossible. See Mindek, 964 F.2d at 1373 ("[J]udges, confronted with litigants who flagrantly violate or ignore court orders, often have no appropriate or efficacious recourse other than dismissal of the complaint with prejudice."). Consideration of the Poulis factors strongly weighs in favor of Plaintiff's Complaint being dismissed with prejudice.

## CONCLUSION

For the above stated reasons, it is respectfully recommended that Defendant's motion to dismiss Plaintiff's Complaint with prejudice be **granted**.

s/ Mark Falk
**MARK FALK**
**United States Magistrate Judge**

**Dated: December 30, 2011**